Appeal from an order of the Supreme Court, Erie County (John M. Curran, J), entered May 9, 2013 in a proceeding pursuant to CPLR article 75. The order, among other things, granted respondents’ motion to dismiss the petition.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: In this proceeding pursuant to CPLR article 75, petitioner appeals from an order that granted respondents’ pre-answer motion to dismiss the petition. Although we agree with petitioner that Supreme Court erred in dismissing the petition as time-barred, we conclude that the court properly granted the motion on the alternative ground that petitioner’s service of the petition was defective. We therefore affirm.
Petitioner was employed by respondents as an administrator for over 17 years and as the elementary school principal since 2003. Petitioner was granted tenure effective September 2003. On February 28, 2012, respondents served petitioner with 21 charges of, inter alia, “misconduct, immoral character and/or conduct unbecoming a principal,” such as improperly using district finances, stealing services by using business hours to make lengthy personal telephone calls to two former female employees, and being frequently absent from school without an excuse and without notifying the proper people. Petitioner requested a hearing pursuant to Education Law § 3020-a and a hearing was held over six days, concluding on October 23, 2012.
On January 15, 2013, the Hearing Officer (HO) issued a decision that, inter alia, imposed a penalty of termination. The HO emailed that decision to the attorneys for the parties on January 15, 2013, and the State Education Department (SED) *1436 received the HO’s decision from the HO on January 16, 2013. The SED then mailed the HO’s decision to the parties on January 22, 2013. Petitioner received that mailing the following day, and he filed a petition seeking an order vacating the decision of the HO pursuant to CPLR 7511 on February 1, 2013.
In lieu of answering, respondents filed a pre-answer motion to dismiss the petition on the grounds that the proceeding was not timely commenced under Education Law § 3020-a (5) and that the court lacked personal jurisdiction over respondents because the notice of petition and petition were not properly served. In support of the motion, respondents submitted the affidavit of a payroll clerk employed by respondent Depew Union Free School District (District), who was assigned to work at the District’s business office. The payroll clerk averred that she was responsible for gathering payroll information from “all non-instructive employees,” calculating their salaries, and processing payroll through the District’s computer system. The payroll clerk further averred that she was not authorized to accept service of legal papers on behalf of respondents, and that on February 5, 2013 at approximately 3:15 p.m. she was at her desk in the District’s business office when a man carrying a large box with notes labeled “district clerk” told the payroll clerk that he had a box for the “district clerk or the superintendent.” The payroll clerk told the man that the District’s administrative offices were at a different location, but the man indicated that he did not have to give the box to the District’s Superintendent or to the District Clerk, and that he would leave the box with her. The payroll clerk averred that she told the man her name and that she was responsible for payroll services, and that the man who delivered the papers never asked her whether she was authorized to accept service of the papers.
There is no dispute that the man at issue was petitioner’s process server, or that the box contained the petition. Indeed, petitioner opposed the motion through a cross motion in which he, inter alia, sought a “judgment dismissing the motion . . . and granting the relief demanded in the . . . [pjetition.” In support of the cross motion, petitioner submitted an affidavit of his process server, who indicated that he served the petition on the payroll clerk. According to the process server, at the time he served the petition, he informed the payroll clerk that he had papers for the District Clerk or the Superintendent. The payroll clerk indicated that neither the District Clerk nor the Superintendent was available, and she advised the process server that she was the payroll clerk. The process server nevertheless served the petition on the payroll clerk given his belief that “she was the clerk for the [Sjchool [District.”
*1437 As noted, the court granted the motion on both the filing and service grounds. The court determined that the petition was not timely filed pursuant to Education Law § 3020-a (5) inasmuch as the petition was not filed within 10 days of petitioner’s receipt of the HO’s decision from the HO via email. The court further determined that petitioner’s service of the petition was defective inasmuch as there was no evidence that the “payroll clerk was a designated school officer of the [District].”
The propriety of the court’s determination that the petition was not timely filed turns on the interpretation of Education Law § 3020-a (4) and (5). Pursuant to section 3020-a (4) (a), “[t]he hearing officer shall render a written decision within [30] days of the last day of the final hearing, or in the case of an expedited hearing within [10] days of such expedited hearing, and shall forward a copy thereof to the commissioner who shall immediately forward copies of the decision to the employee and to the clerk or secretary of the employing board.” Section 3020-a (4) (b) provides that “[w]ithin [15] days of receipt of the hearing officer’s decision the employing board shall implement the decision. If the employee is acquitted he or she shall be restored to his or her position with full pay for any period of suspension without pay and the charges expunged from the employment record.” Finally, section 3020-a (5) (a) provides that, “[n]ot later than [10] days after receipt of the hearing officer’s decision, the employee or the employing board may make an application to the New York state supreme court to vacate or modify the decision of the hearing officer pursuant to [CPLR 7511].”
“ ‘The primary consideration of courts in interpreting a statute is to “ascertain and give effect to the intention of the Legislature” ’ (Riley v County of Broome, 95 NY2d 455, 463 [2000], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a] at 177; see Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]), and ‘ “we turn first to the plain language of the statute[ ] as the best evidence of legislative intent” ’ (Matter of Stateway Plaza Shopping Ctr. v Assessor of City of Watertown, 87 AD3d 1359, 1361 [2011], quoting Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review, 3 NY3d 563, 568 [2004])” (New Yorkers for Constitutional Freedoms v New York State Senate, 98 AD3d 285, 291-292 [2012], lv denied 19 NY3d 814 [2012])- Moreover, “[i]t is well settled that ‘[a] statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent’ . . . Furthermore, ‘[e]ach section of a legislative act must be considered and ap *1438 plied in connection with every other section of the act, so that all will have their due, and conjoint effect’ ... To determine the intent of a statute, ‘inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision’ ” (New York State Psychiatric Assn., Inc. v New York State Dept. of Health, 19 NY3d 17, 23-24 [2012]).
Against that background, we conclude that the phrase “receipt of the hearing officer’s decision” in Education Law § 3020-a (5) (a) refers to the receipt of such decision from the SED. We thus reject respondents’ contention that section 3020-a provides that the 10-day period in which to appeal runs from the receipt of the HO’s decision by email, not the receipt of the HO’s decision through mail sent by the SED. Rather, we agree with petitioner that, by concluding that the 10-day period to appeal commenced upon petitioner’s receipt of the HO’s decision by email, the court rendered the notification process contained in Education Law § 3020-a (4) superfluous. Section 3020-a (4) (a) addresses posthearing procedures, requiring that an HO forward his or her decision following a hearing to the Commissioner of Education, who in turn is charged with immediately forwarding copies of the decision to the affected employee and to the clerk or secretary of the employing board. Section 3020-a (5) (a) then addresses the issue of an appeal from an HO decision, establishing the 10-day appellate window that is at issue here. We cannot conclude that the legislature would structure the distribution of the notice of an HO decision such that the Commissioner of Education (and, by natural extension, the SED) is to notify an educator of such determination and then create a period in which to challenge an HO decision that could begin to run before the entity charged with providing notice to an affected educator of an HO decision has actually given such notice. We thus conclude that the court erred to the extent it determined that the petition is time-barred (cf. Matter of Awaraka v Board of Educ. of City of N.Y., 59 AD3d 442, 443 [2009]).
We nevertheless affirm the order, however, because we agree with the court that petitioner’s service of the petition was defective. The decision of the Second Department in Matter of Franz v Board of Educ. of Elwood Union Free School Dist. (112 AD2d 934 [1985], lv denied 67 NY2d 603 [1986]) is instructive. There, “[t]he notice of petition was personally delivered to [the respondent Board of Education]’s secretary,” whom the Second Department concluded was “not a ‘school officer’ as set forth in . . . Education Law [§ 2 (13)]” {id. at 935). In support of that conclu *1439 sion, the Second Department noted that “[t]he courts of this State have consistently required strict compliance with the statutory procedures for the institution of claims against the State and its governmental subdivisions, and where the Legislature has designated a particular public officer for the receipt of service of process, we are without authority to substitute another” (id. at 934-935; see Matter of CL & F Dev., LLC v Jaros, 57 AD3d 1468, 1469 [2008]). We likewise conclude here that the payroll clerk employed in the District’s business office was not a “school officer” under the Education Law.
Pursuant to CPLR 311 (a) (7), “[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons . . . upon a school district, to a school officer, as defined in the education law.” Education Law § 2 (13) defines the term school officer as “a clerk, collector, or treasurer of any school district; a trustee; a member of a board of education or other body in control of the schools by whatever name known in a union free school district, central school district, central high school district, or in a city school district; a superintendent of schools; a district superintendent; a supervisor of attendance or attendance officer; or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system.”
Although Education Law § 2 (13) refers to “a clerk,” we conclude that the payroll clerk at issue here is not “a clerk” within the meaning of that section. We note that Education Law § 2130 is entitled “Clerk, treasurer and collector in union free school district,” and it provides, inter alia, for the appointment of an “individual as clerk of the board of education of such district” (§ 2130 [1]). Sections 2 and 2130 of the Education Law were enacted at the same time {see L 1947, ch 820) and, in reading those sections together {see generally McKinney’s Cons Laws of NY, Book 1, Statutes § 97, Comment), we conclude that the reference to a singular clerk in section 2130 (1) must apply to section 2 (13), such that there cannot be more than one person who is “a clerk” of the school district. We thus conclude that the payroll clerk was not eligible to be served with process as “a clerk” under section 2 (13).
All concur except Smith, J.P, and Peradotto, J., who concur in the result in the following memorandum.